Christin Cho (WSBA No. 63546)
christin@dovel.com
Vivek Kothari (Cal. Bar No. 262842)*
vivek@dovel.com
Simon Franzini (WSBA No. 63689)
simon@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*

*pro hac vice* forthcoming

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### SEATTLE DIVISION

| | |
|---|---|
| Christina Zaimi, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>Costco Wholesale Corporation,<br><br>    *Defendant*. | Case No. 2:25-cv-01076<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT
Case No. 2:25-cv-01076

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## Table of Contents

I.      Introduction. ........................................................................................................ 1

II.     Parties. ................................................................................................................. 1

III.    Jurisdiction and Venue. ...................................................................................... 2

IV.     Facts. ................................................................................................................... 2

    A.    Free shipping is important to consumers ................................................. 2

    B.    Defendant promises free shipping from its online store. .......................... 3

    C.    In reality, Costco makes consumers pay for "free" shipping by hiding the cost of shipping in the cost of certain Products. .............................. 5

    D.    Defendant's false free shipping promise harms consumers. ..................... 6

    E.    Defendant's misrepresentations misled Plaintiff ...................................... 6

    F.    Defendant breached its contract. .............................................................. 9

    G.    No adequate remedy at law. ................................................................... 10

V.      Class Action Allegations ................................................................................. 10

VI.     Claims. ............................................................................................................. 12

First Cause of Action: Breach of Contract .............................................................. 12

Second Cause of Action: Breach of Express Warranty ........................................... 13

Third Cause of Action: Violation of the Washington Consumer Protection Act: RCW Chapter 19.86 ............................................................................................ 13

Fourth Cause of Action: Violation of California's False Advertising Law Bus. & Prof. Code §§ 17500 et. seq. ....................................................................................... 15

Fifth Cause of Action: Violation of California's Consumer Legal Remedies Act (By Plaintiff and the California Subclass) ................................................................... 16

Sixth Cause of Action: Violation of California's Unfair Competition Law ................. 18

Seventh Cause of Action: Quasi-Contract/Unjust Enrichment ................................ 20

Eighth Cause of Action: Negligent Misrepresentation ............................................ 20

Ninth Cause of Action: Intentional Misrepresentation ............................................ 21

VII.    Relief. .............................................................................................................. 22

CLASS ACTION COMPLAINT
Case No. 2:25-cv-01076

i

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## I.    Introduction.

1.    Defendant Costco Wholesale Corporation ("Costco" or "Defendant") markets and sells products online at www.costco.com and in brick-and-mortar Costco stores ("Costco Products" or "Products").

2.    For certain items, Costco charges more when selling online than it does when selling the same item in its physical stores. This is because, when selling online, Costco increases the price of certain items to account for shipping costs.

3.    But during the purchase process, Costco does not disclose that it is inflating the cost of items purchased online at www.costco.com to account for shipping costs. Instead, Costco presents a single price and then affirmatively misrepresents that consumers are paying "$0.00" extra for shipping. Consumers are being promised free shipping and, in reality, are charged extra for shipping. This misleads consumers into thinking that they are getting free shipping when they have to pay for it. It causes them to make purchases they otherwise wouldn't make. And it causes them to pay for shipping that they otherwise wouldn't have agreed to pay for, at times costing them hundreds of dollars.

4.    This misrepresentation breaches Costco's contract with consumers and violates California consumer protection laws (among other laws).

5.    Ms. Zaimi purchased a couch from www.costco.com because Costco promised $0.00 shipping.  But she was misled: in truth, the price included significant shipping costs. She brings this case for herself and other consumers who bought Products from www.costco.com where Costco promised free shipping, but the price was inflated by shipping costs.

## II.    Parties.

6.    Plaintiff Christina Zaimi is domiciled in Porter Ranch, CA.

7.    The proposed class includes citizens of every state.

8.    Defendant Costco Wholesale Corporation is a Washington corporation with its principal place of business at 999 Lake Drive, Issaquah, Washington 98027. It operates a store at 8810 Tampa Ave., Northridge, CA 91324.

CLASS ACTION COMPLAINT
Case No. 2:25-cv-01076

1

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

### III. Jurisdiction and Venue.

9.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).  The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

10.     The Court has personal jurisdiction over Defendant because Defendant's principal place of business is in this District.

11.     Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

12.     Venue is proper under 28 U.S.C. § 1391(d) because Defendant would be subject to personal jurisdiction in this District if this District were a separate state, because Defendant has its principal place of business in this District and would be otherwise subject to personal jurisdiction in this District if it were a separate state.

### IV. Facts.

#### A. Free shipping is important to consumers.

13.     Free shipping is important to consumers. Multiple surveys and studies demonstrate that free shipping is among the biggest considerations, if not the biggest consideration, for consumers shopping online.

14.     Consumers expect to receive free shipping[1] and will not shop at online retailers that do not offer free shipping.[2] A Shippo survey of over 1,000 ecommerce retailers and 1,000 consumers found that over 60% of consumers said they wouldn't consider purchasing from a retailer that didn't offer free shipping.[3]

15.     Most consumers will abandon a purchase if they learn that it will involve high shipping costs. A McKinsey survey of more than 1,000 US consumers (with respondents weighted to represent the broader US population) rank cost as the number one factor when assessing e-commerce deliveries.

---

[1] 66% of consumers expect free shipping on all online purchases. *See* https://www.contimod.com/free-shipping-statistics/ (last accessed May 27, 2025).
[2] 62% of shoppers said they won't consider purchasing from a retailer that doesn't offer free shipping. *See* https://www.digitalcommerce360.com/2023/02/27/shipping-cost-ecommerce-retailers-consumers/ (last accessed May 27, 2025).
[3] *Id.*

CLASS ACTION COMPLAINT
Case No. 2:25-cv-01076

2

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

It found that more than 90 percent of consumers say they are likely to abandon an online purchase if they learn it will involve high shipping costs.[4]

16.     In addition, consumers are more likely to buy the product if they believe that they are not being charged for shipping. Free shipping is a benefit that "66% of consumers take into account when selecting an online store."[5] 84% of shoppers have specifically made a purchase because shipping was free.[6]

17.     As a result, if a company discloses that an online price is increased by shipping costs, it will lose sales compared to if it offered true free shipping.

**B.     Defendant promises free shipping from its online store.**

18.     Defendant advertises that it does not charge for shipping certain items that it sells through its website (and which are also available in the store).

19.     For example, the Aiden and Ivy 6PC Modular Fabric Sectional costs $2,099.99 when bought at a Costco store:



---

[4] https://www.mckinsey.com/industries/logistics/our-insights/what-do-us-consumers-want-from-e-commerce-deliveries (last accessed May 27, 2025).
[5] https://www.pymnts.com/news/ecommerce/2025/66-of-consumers-look-for-free-shipping-when-online-shopping/
[6] https://clear.co/blog/how-free-shipping-can-help-your-ecomm-win

CLASS ACTION COMPLAINT
Case No. 2:25-cv-01076

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

20.     When purchased online, however, the same couch is advertised as costing $250 more (without taking into account the manufacturer's rebate which was not displayed when Plaintiff purchased it):



(last accessed May 9, 2025)

21.     Upon checkout, shipping and handling are listed as being free:

CLASS ACTION COMPLAINT
Case No. 2:25-cv-01076

4

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

(emphasis supplied)

**C.    In reality, Costco makes consumers pay for "free" shipping by hiding the cost of shipping in the cost of certain Products.**

22.    Because Costco promises that shipping will cost $0.00, reasonable consumers believe that they are not paying for shipping. They believe that shipping is free.

23.    The shipping is not, however, free.

24.    Costco bundles the cost of shipping into the cost of the Product. So, consumers pay more to buy an item online than they would in the store. This tactic misleads and deceives reasonable consumers into thinking that they are receiving free shipping when in fact they are paying for it. It is misleading and deceptive to increase the costs of an item to account for shipping and then to advertise the shipping cost as being $0.00. This leads reasonable consumers to believe that the listed price for the item has not been increased by shipping or delivery costs (represented to be $0.00). They further believe that, because the shipping is free, the price of the product that they are purchasing online is the same as the price of the product in-store. But in reality, consumers are paying more for the product online because despite the "$0.00" shipping quote, the list price has been increased to include shipping and is higher than the price of the same item in-store.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

25.     Upon learning that Defendant advertises but does not deliver free shipping, consumers are surprised and upset to have been misled in this way.

**D.      Defendant's false free shipping promise harms consumers.**

26.     Based on Defendant's advertisements, reasonable consumers reasonably expect that if they make a purchase on Defendant's website, they will receive free shipping on the item they purchased. As explained above, however, Plaintiff and class members' reasonable expectations were not met.  Instead of receiving free shipping, Plaintiff and the class paid significant amounts—often hundreds of dollars—to have the items they purchased shipped to their homes, because Defendant charges significantly more for the same products when bought online as compared to when bought in-store, to cover shipping.  Said differently, Plaintiff and class members did not receive a benefit (free shipping) that Defendant promised to them. Thus, Defendant harmed Plaintiff and class members by depriving them of their reasonable expectancy interest in the free shipping that they were promised.

27.     In addition, as described above, consumers are more likely to purchase products if they believe that they are getting free shipping and often will not complete an online purchase if they learn they have to pay for shipping, especially when shipping costs are significant.

28.     Thus, Defendant's advertisements harm consumers by inducing them to make purchases they otherwise would not have made, based on false information. In addition, Defendant's advertisements artificially increase consumer demand for Defendant's Products. This puts upward pressure on the prices that Defendant can charge for its Products. As a result, Defendant can charge a price premium for its Products, that it would not be able to charge absent the misrepresentations described above. So, due to Defendant's misrepresentations, Plaintiff and the class paid more for the Products they bought than they otherwise would have.

**E.      Defendant's misrepresentations misled Plaintiff.**

29.     On or about December 30, 2024, Ms. Zaimi purchased the Sereen 6-piece section from www.costco.com for $2,349.99.[7] Defendant advertised that Ms. Zaimi would receive shipping for $0.00, i.e., that Ms. Zaimi would receive free shipping on her order.

_____

[7] The screenshot lists the date the order was placed as 12/30/2025 (a date in the future). Ms.

CLASS ACTION COMPLAINT
Case No. 2:25-cv-01076

6

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

Zaimi purchased the item on 12/30/2024. The incorrect year appears to be the result of a glitch or bug from Defendant's website or point-of-sale system.

CLASS ACTION COMPLAINT
Case No. 2:25-cv-01076

7

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

30.     As any reasonable consumer would, Ms. Zaimi understood this to mean that she would not be charged anything for shipping, and that Defendant would absorb the cost of the item being shipped to her as a cost of doing business. In other words, she would pay $0.00 for shipping.

31.     In reality, however, Defendant charged Ms. Zaimi $250 for shipping; and Ms. Zaimi paid $250 in shipping charges.

32.     Indeed, in-store, Costco charged just $2099.99—$250 less—for the same item.



(Depicting the cost of the item in store on December 29, 2024, just one day before)
(emphasis supplied)

33.     Ms. Zaimi paid $250 more for the same product when bought online.

8

34.    Defendant inflated the cost of the Product by $250 to account for shipping. Said differently, even though Defendant represented that Ms. Zaimi was paying $0.00 to ship the sectional to her, in reality, she paid $250 for shipping.

35.    Buried in its customer service webpages—which are not shown to consumers during checkout—Costco admits that, contrary to its express representations during checkout, it is inflating online prices to account for shipping.  Costco admits: "Costco.com prices take into account shipping and handling fees not applicable to warehouse purchases." [8] This admission, however, is not presented during the normal checkout process (much less clearly disclosed). Quite the opposite, during checkout, Defendant affirmatively misrepresents that shipping is included for free.  And reasonable consumers cannot be expected to (and do not) go ferret out that Defendant's "$0.00" shipping is false based on contrary disclosures in the fine print. Worse, this is by design: if Costco clearly disclosed this during the purchase process (as opposed to burying it deep in its customer service pages), it would lose sales and ultimately have to charge less for products sold online than it otherwise could.

36.    Ms. Zaimi read and relied on Defendant's representations that she was getting free shipping. And she was not presented with, and did not read, the fine print on Defendant's customer service webpage admitting that those representations were false. So, based on Defendant's representations described and shown above, Ms. Zaimi reasonably understood that Defendant was not charging her for shipping the product to her. She would not have made the online purchase if she had known that she was paying for shipping or that Defendant charged more for the product online.

37.    Plaintiff faces an imminent threat of future harm.  Plaintiff would purchase Products from Defendant again in the future if she could be sure that, when Costco.com promised $0.00 shipping, the shipping was actually free. But without an injunction commanding Costco to only advertise free shipping if that is true, Ms. Zaimi cannot rely on Costco's promises and thus cannot buy Products that she otherwise would buy.

**F.    Defendant breached its contract.**

38.    When Ms. Zaimi, and other members of the putative class, purchased and paid for certain items from Defendant's website, they accepted offers that Defendant made, and thus, a contract

---

[8] https://customerservice.costco.com/app/answers/answer_view/a_id/628

CLASS ACTION COMPLAINT
Case No. 2:25-cv-01076

9

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

was formed each time that they made a purchase.  Each offer included an express promise that Defendant would provide free shipping on the order (that the cost of shipping that the consumer would pay is "$0.00"). This promise was a specific affirmation of fact and a material part of the bargain.

39.    Ms. Zaimi and other members of the putative class performed their obligations under the contract by paying for the items they bought.

40.    Defendant breached its contract by failing to provide Ms. Zaimi and other members of the putative class with the promised benefit: $0.00 shipping. Instead, Costco surreptitiously charged Ms. Zaimi and other class members significant extra shipping costs.  Defendant also breached warranties for the same reasons.

**G.    No adequate remedy at law.**

41.    Plaintiff seeks damages and, in the alternative, restitution.  Plaintiff is permitted to seek equitable remedies in the alternative because she has no adequate remedy at law.

42.    A legal remedy is not adequate if it is not as certain as an equitable remedy. For example, to obtain damages under the CLRA, a plaintiff must show that the goods were "bought or leased for use primarily for personal, family, or household purposes." Cal. Civ. Code § 1761.  No such requirements exist to obtain restitution.  Because a plaintiff must make this additional showing to obtain damages, rather than restitution, the legal remedies are more uncertain.

43.    Furthermore, the remedies at law available to Plaintiff are not equally prompt or otherwise efficient.  The need to schedule a jury trial may result in delay.  And a jury trial will take longer, and be more expensive, than a bench trial.

**V.    Class Action Allegations.**

44.    Plaintiff brings the asserted claims on behalf of the proposed class of:

- Nationwide Class: All individuals who, within the applicable statute of limitations, purchased one or more Costco products advertised on www.costco.com as including $0.00 in shipping fees, where the listed price was increased to cover the cost of shipping.

- California Subclass: all persons who, while in the state of California and within the applicable statute of limitations period, purchased one or more Costco products

CLASS ACTION COMPLAINT
Case No. 2:25-cv-01076

10

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

advertised on www.costco.com as including $0.00 in shipping fees, where the listed price was increased to cover the cost of shipping.

45.    The following people are excluded from the proposed class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

*Numerosity & Ascertainability*

46.    The proposed class contains members so numerous that separate joinder of each member of the class is impractical.  There are tens or hundreds of thousands of class members.

47.    Class members can be identified through Defendant's sales records and public notice.

*Predominance of Common Questions*

48.    There are questions of law and fact common to the proposed class.  Common questions of law and fact include, without limitation:

(1) whether Defendant made false or misleading statements of fact in its advertisements;

(2) whether Defendant violated California's consumer protection statutes;

(3) whether Defendant committed a breach of contract or warranty;

(4) damages or restitution needed to reasonably compensate Plaintiff and the proposed class.

*Typicality & Adequacy*

49.    Plaintiff's claims are typical of the proposed class.  Like the proposed class, Plaintiff purchased Costco Products advertised as having free shipping from Defendant's website.  There are no conflicts of interest between Plaintiff and the class.

*Superiority*

50.    A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical.  It would be

11

unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

**VI.    Claims.**

**First Cause of Action:**

**Breach of Contract**

**(By Plaintiff and the Nationwide Class)**

51.    Plaintiff incorporates each and every factual allegation set forth above.

52.    Plaintiff brings this cause of action on behalf of herself and the Nationwide Class. In the alternative, Plaintiff brings this cause of action on behalf of herself and the California Subclass.

53.    Plaintiff and class members entered into contracts with Defendant when they placed orders to purchase Products on Defendant's website.

54.    The contracts provided that Plaintiff and class members would pay Costco for the Products ordered.

55.    The contracts further required that Costco ship the purchased Products to Plaintiff and putative class members for free, i.e., that it would not charge Plaintiff and putative class members to ship Products to them.

56.    The promise of free shipping was a specific and material term of each contract, and was displayed to Plaintiff and class members at the time they placed their orders.

57.    Plaintiff and class members paid Costco for the Products they ordered, and satisfied all other conditions of their contracts.

58.    Costco breached the contracts with Plaintiff and class members by failing to provide free shipping. Costco did not ship the Products for free as promised. It bundled the cost of shipping into the cost of the Product.

59.    As a direct and proximate result of Defendant's breaches, Plaintiff and class members were deprived of the benefit of their bargained-for exchange, and have suffered damages in an amount to be established at trial (including the costs they were wrongfully charged for shipping).

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

**Second Cause of Action:**

**Breach of Express Warranty**

**(By Plaintiff and the Nationwide Class)**

60.     Plaintiff incorporates each and every factual allegation set forth above.

61.     Plaintiff brings this cause of action on behalf of herself and the Nationwide Class. In the alternative, Plaintiff brings this cause of action on behalf of herself and the California Subclass.

62.     Defendant, as the marketer, distributor, supplier, and/or seller of Costco Products, issued material, written warranties by advertising that the Products shipped at a cost of $0.00 to the customer. This was an affirmation of fact about the Products and a promise relating to the goods.

63.     This warranty was part of the basis of the bargain and Plaintiff relied on this warranty.

64.     Plaintiff provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's headquarters and registered agent, on March 16, 2025.

65.     Plaintiff and the class were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased Costco Products if they had known that they had to pay for shipping and/or (b) they would have paid less for the Products.

**Third Cause of Action:**

**Violation of the Washington Consumer Protection Act: RCW Chapter 19.86**

**(By Plaintiff and the California Subclass)**

66.     Plaintiff incorporates each and every factual allegation set forth above.

67.     Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

68.     Defendant has violated the Washington Consumer Protection Act (CPA), RCW Chapter 19.86.

69.     Section 19.86.020 of the CPA states, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW § 19.86.020.

CLASS ACTION COMPLAINT
Case No. 2:25-cv-01076

13

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

70.     Under the CPA, "[p]rivate rights of action may … be maintained for recovery of actual damages, costs, and a reasonable attorney's fee. A private plaintiff may be eligible for treble damages," and "may obtain injunctive r   elief, even if the injunction would not directly affect the individual's own rights." Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—Introduction) (internal citations omitted); RCW § 1986.090.

71.     Defendant engages in the conduct of trade or commerce within the meaning of the CPA. Defendant does this by selling products in a manner that directly and indirectly affects people of the state of California.

72.     As alleged more fully above, Defendant made and disseminated untrue and misleading statements of fact in its advertisements to the California Subclass, constituting acts of unfair methods of competition and/or unfair or deceptive acts or practices.

Unfair Acts or Practices

73.     As alleged in detail above, Defendant committed "unfair" acts by falsely advertising that consumers of its online store would pay $0.00 in shipping when that was not true. This caused Plaintiff and the subclass to make purchases that they otherwise would not have made, pay more for their purchases, and deprived them of their expectancy interest in receiving the Products as advertised.

74.     The harm to Plaintiff and the subclass greatly outweighs the public utility of Defendant's conduct. There is no public utility to misrepresenting the price that the consumer will pay for shipping. Plaintiff and the class's injury was not outweighed by any countervailing benefits to consumers or competition. Misleading consumer products only injure healthy competition and harm consumers.

Deceptive Acts or Practices

75.     As alleged in detail above, Defendant's representations that consumers would pay $0.00 to ship items from its online store when Defendant was bundling the cost of shipping into the price of the Product was false and misleading.

76.     Defendant's representations were likely to deceive, and did deceive, Plaintiff and other reasonable consumers. Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

CLASS ACTION COMPLAINT
Case No. 2:25-cv-01076

14

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

* * *

77.    Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing the Product. Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

78.    In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

79.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

80.    Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Costco Products if they had known that they had to pay for shipping and/or (b) they would have paid less for the Products.

81.    Defendant's acts or omissions are injurious to the public interest because these practices were committed in the course of Defendant's business and were committed repeatedly before and after Plaintiff purchased Defendant's Product. They are part of a pattern of unfair and deceptive advertisements. These actions have injured other persons, and, if continued, have the capacity to injure additional persons.

## Fourth Cause of Action:

### Violation of California's False Advertising Law Bus. & Prof. Code §§ 17500 et. seq.

### (By Plaintiff and the California Subclass)

82.    Plaintiff incorporates each and every factual allegation set forth above.

83.    Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

84.    Defendant has violated, and continues to violate, section 17500 of the Business and Professions Code by disseminating untrue and misleading advertisements to Plaintiff and subclass members.

85.    As alleged more fully above, Defendant advertises that customers do not have to pay for shipping on certain items from its online store.

CLASS ACTION COMPLAINT
Case No. 2:25-cv-01076

15

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

86. But for those items, Defendant is actually charging customers extra shipping costs that are hidden in the total price.

87. Accordingly, Defendant's statements about shipping costing the customer $0.00 and its statements about the price of certain items sold from its online store are untrue and misleading.

88. Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing Costco Products. Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

89. In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Costco Products.

90. Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

91. Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Costco Products if they had known that they had to pay for shipping and/or (b) they would have paid less for the Products.

**Fifth Cause of Action:**

**Violation of California's Consumer Legal Remedies Act (By Plaintiff and the California Subclass)**

92. Plaintiff incorporates each and every factual allegation set forth above.

93. Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

94. Plaintiff and the subclass are "consumers," as the term is defined by California Civil Code § 1761(d).

95. Plaintiff and the subclass have engaged in "transactions" with Defendant as that term is defined by California Civil Code § 1761(e).

96. The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken

16

CLASS ACTION COMPLAINT
Case No. 2:25-cv-01076

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

97.    As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in its advertisements to subclass members.  Defendant did this by advertising that it offered free shipping from its online store on certain items, i.e., shipping that customers did not have to pay for.

98.    Defendant violated, and continues to violate, section 1770(a)(5) of the California Civil Code by representing that Products offered for sale have characteristics or benefits that they do not have.  Defendant represents that the products have free shipping when in fact, shipping costs are included in the (inflated) price Defendant charges for the Products.

99.    Defendant violated, and continues to violate, section 1770(a)(9) of the California Civil Code.  Defendant violates this by advertising free shipping for certain of its Products when in fact, Defendant charges the customer for shipping.

100.    Defendant's representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers.  Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

101.    Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing Costco Products.  Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

102.    In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Costco Products.

103.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

104.    Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Costco Products if they had known that they had to pay for shipping and/or (b) they would have paid less for the Products.

CLASS ACTION COMPLAINT
Case No. 2:25-cv-01076

17

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

105.    Ms. Zaimi, on behalf of herself and all other members of the subclass, seeks injunctive relief under California Civil Code § 1780(a)(2). Ms. Zaimi is not currently seeking damages for this claim, pending the CLRA notice period.

106.    CLRA § 1782 NOTICE.  On May 16, 2025, a CLRA demand letter was sent to Defendant's Washington headquarters and California registered agent via certified mail (return receipt requested), that provided notice of Defendant's violations of the CLRA and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here. If Defendant does not fully correct the problem for Plaintiff and for each member of the California Subclass within 30 days of receipt, Plaintiff and the California Subclass will seek all monetary relief allowed under the CLRA.

107.    A CLRA venue declaration is attached.

**Sixth Cause of Action:**

**Violation of California's Unfair Competition Law**

**(By Plaintiff and the California Subclass)**

108.    Plaintiff incorporates each and every factual allegation set forth above.

109.    Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

110.    Defendant has violated California's Unfair Competition Law (UCL) by engaging in unlawful, fraudulent, and unfair conduct (i.e., violating each of the three prongs of the UCL).

*The Unlawful Prong*

111.    Defendant engaged in unlawful conduct by violating the FAL and the CLRA, as alleged above and incorporated here.

*The Deceptive Prong*

112.    As alleged in detail above, Defendant represented that customers did not have to pay to ship certain items bought at its online store.

113.    Defendant's representations were misleading to Plaintiff and other reasonable consumers.

114.    Plaintiff relied upon Defendant's misleading representations and omissions, as detailed above.

CLASS ACTION COMPLAINT
Case No. 2:25-cv-01076

18

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

*The Unfair Prong*

115.    As alleged in detail above, Defendant committed "unfair" acts by falsely advertising free shipping.

116.    Defendant violated established public policy by violating the CLRA and FAL, as alleged above and incorporated here. The unfairness of this practice is tethered to a legislatively declared policy (that of the CLRA and FAL).

117.    The harm to Plaintiff and the subclass greatly outweighs the public utility of Defendant's conduct. There is no public utility to misrepresenting the price of shipping to a customer. This injury was not outweighed by any countervailing benefits to consumers or competition. Misleading consumer products only injure healthy competition and harm consumers.

118.    Plaintiff and the subclass could not have reasonably avoided this injury. As alleged above, Defendant's representations were deceptive to reasonable consumers like Plaintiff.

119.    Defendant's conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

\* \* \*

120.    For all prongs, Defendant's representations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing Costco Products. Defendant's representations were a substantial factor in Plaintiff's purchase decision.

121.    In addition, subclass-wide reliance can be inferred because Defendant's representations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Costco Products.

122.    Defendant's representations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass members.

123.    Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Costco Products if they had known that they had to pay for shipping and/or (b) they would have paid less for the Products.

CLASS ACTION COMPLAINT
Case No. 2:25-cv-01076

19

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

**Seventh Cause of Action:**

**Quasi-Contract/Unjust Enrichment**

**(By Plaintiff and the California Class)**

124.    Plaintiff incorporates each and every factual allegation set forth above.

125.    Plaintiff brings this cause of action in the alternative to her Breach of Contract claim (Claim I) on behalf of herself and the California Subclass.

126.    As alleged in detail above, Defendant's false and misleading advertising caused Plaintiff and the class to buy Costco Products and unknowingly pay for "free" shipping.

127.    In this way, Defendant received a direct and unjust benefit, at Plaintiff's expense.

128.    (In the alternative only), due to Defendant's misrepresentations, its contracts with Plaintiff and other class members are void or voidable.

129.    Plaintiff and the class seek restitution, and in the alternative, rescission.

**Eighth Cause of Action:**

**Negligent Misrepresentation**

**(By Plaintiff and the California Subclass)**

130.    Plaintiff incorporates each and every factual allegation set forth above.

131.    Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

132.    As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiff and California Subclass members concerning the existence and/or nature of free shipping advertised on its website.

133.    These representations were false.

134.    When Defendant made these misrepresentations, it knew or should have known that they were false. Defendant had no reasonable grounds for believing that these representations were true when made.

135.    Defendant intended that Plaintiff and California Subclass members rely on these representations and Plaintiff read and reasonably relied on them.

CLASS ACTION COMPLAINT
Case No. 2:25-cv-01076

20

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

136.    In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Costco Products.

137.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and California Subclass members.

138.    Plaintiff and California Subclass members were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Costco Products if they had known that they had to pay for shipping and/or (b) they would have paid less for the Products.

**Ninth Cause of Action:**

**Intentional Misrepresentation**

**(By Plaintiff and the California Subclass)**

139.    Plaintiff incorporates each and every factual allegation set forth above.

140.    Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

141.    As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiff and California Subclass members concerning the existence and/or nature of free shipping advertised on its website.

142.    These representations were false.

143.    When Defendant made these misrepresentations, it knew that they were false at the time that they made them and/or acted recklessly in making the misrepresentations.

144.    Defendant intended that Plaintiff and California Subclass members rely on these representations and Plaintiff read and reasonably relied on them.

145.    In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Costco Products.

146.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and California Subclass members.

CLASS ACTION COMPLAINT
Case No. 2:25-cv-01076

21

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

147.    Plaintiff and California Subclass members were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Costco Products if they had known that they had to pay for shipping and/or (b) ) they would have paid less for the Products.

**VII.    Relief.**

148.    Plaintiff seeks the following relief for herself and the class and subclass:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the proposed class and subclass;
- Damages, treble damages, and punitive damages where applicable;
- Restitution;
- Disgorgement, and other just equitable relief;
- Pre- and post-judgment interest;
- An injunction prohibiting Defendant's deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

**Demand For Jury Trial**

149.    Plaintiff demands the right to a jury trial on all claims so triable.

Dated: June 10, 2025

Respectfully submitted,

By: */s/ Christin Cho*

Christin Cho (WSBA No. 63546)
christin@dovel.com
Vivek Kothari (Cal. Bar No. 262842)*
vivek@dovel.com
Simon Franzini (WSBA No. 63689)
simon@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*

**pro hac vice* forthcoming

CLASS ACTION COMPLAINT
Case No. 2:25-cv-01076

22

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066